**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5095**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

         v.

BARRY LLOYD CURTIS,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.  Lacy H. Thornburg,
District Judge.  (2:08-cr-00016-LHT-1)

Submitted:  August 20, 2009        Decided:  January 6, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Claire J. Rauscher, Ross H. Richardson, Erin K. Taylor, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, Charlotte, North Carolina,
for Appellant.  Edward R. Ryan, Acting United States Attorney,
Charlotte, North Carolina, Amy E. Ray, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Lloyd Curtis timely appeals from the fifty-seven month sentence imposed after his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Curtis contends, and the Government concedes, that trial counsel was ineffective for failing to object to the erroneous Guidelines range in the Presentence Investigation Report ("PSR"). We affirm Curtis's conviction, but vacate his sentence and remand for resentencing.

A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance, the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

We find that Curtis has conclusively shown he received ineffective assistance of counsel. In the PSR, the probation officer incorrectly stated that the applicable Guidelines range for an adjusted offense level of 23 and criminal history

category II was fifty-seven to seventy-one months, when the correct Guidelines range is fifty-one to sixty-three months. U.S. Sentencing Guidelines Manual, ch. 5, pt. A (sentencing table) (2007). At sentencing, the district court accepted the Guidelines range as calculated in the PSR and sentenced Curtis to fifty-seven months' imprisonment. Counsel's failure to object to the erroneous Guidelines range was objectively unreasonable, given the ease with which counsel should have spotted the error. Further, there is a reasonable possibility that, had counsel objected to the erroneous Guidelines range, the district court would have sentenced Curtis at the low end of the proper Guidelines range, which was six months less than his current sentence.

For the foregoing reasons, we affirm Curtis's conviction, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

3